## LOUELLA HAESSLY, TRUSTEE FOR THE HEIRS AND NEXT OF KIN OF HUGH HAESSLY, AND ANOTHER v. LOUIS A. LOTZER.

245 N. W. 2d 841.

August 6, 1976—No. 45645.

*David W. Nord,* for appellant.

*Douglass, Donlin & Sweeney* and *John C. Wallraff,* for respondents.

Heard before Rogosheske, MacLaughlin, and Marsden, JJ., and considered and decided by the court en banc.

ROGOSHESKE, JUSTICE.

In this action for death by wrongful act, the special verdict of the jury adopted by the court awarded decedent's trustee, Louella Haessly, $18,000 and apportioned causal negligence 60 percent to defendant, Louis A. Lotzer, and 40 percent to decedent. Lotzer's appeal from the judgment raises three questions: (1) Whether the circumstantial evidence supports the submission of this case to the jury and the jury's finding on the question of liability that Lotzer negligently maintained defective stairs at the rear entrance of an apartment owned by him, causing decedent's fall, injury, and subsequent death; (2) whether a general instruction in the form of 4 Hetland & Adamson, Minnesota Practice, Jury Instruction Guides (2 ed.) JIG II, 135 S, on assumption of risk was proper, rather than a specific instruction embodying Lotzer's theory; and (3) whether the jury's findings of contributory negligence and no assumption of risk were inconsistent. We affirm.

On July 17, 1971, decedent, Hugh Haessly, was found unconscious by his wife and daughter lying in his bed with a skull fracture. Haessly never regained consciousness and died several months later. There were no eyewitnesses to the event which caused Haessly's skull fracture, but the circumstantial evidence in this case persuades us that the trustee's theory, accepted by the jury, that decedent fell off the wobbly wooden back steps of his apartment and struck his head on a concrete wall is significantly more probable than Lotzer's alternative theories explaining the cause of Haessly's skull fracture. Lotzer asserts that the circumstantial evidence here is inconclusive and equally consistent with a finding that decedent was mugged, fell while intoxicated, or fell while subject to a seizure. We disagree.

Viewing the evidence most favorably to the verdict below, as we must, we conclude the jury could have credited the following circumstantial evidence. The back steps of decedent's apartment were wobbly and slanted to the left as you face the steps from the ground, and there was no handrail attached to them. Wet,

sticky blood with human hairs similar to decedent's was present on the cement wall to the left of the steps as one goes up the steps. At the base of the stairs was a brown paper bag containing a broken bottle of Seagram's whiskey (the same whiskey decedent was known to drink regularly) and two broken bottles of ginger ale, all with the tops still sealed, suggesting that decedent was walking up the stairs with his package when the accident happened. The fact that decedent had a crippled right arm and was unable to carry the package other than in his left arm, and that the brown bag containing the whiskey and ginger ale was found to the left of the steps, indicates that the brown bag was dropped while decedent walked up the steps. The wound was to the back of the head of decedent, lending credence to plaintiff's theory decedent fell to his left and backward against the concrete wall. In view of the above circumstantial evidence, it was entirely proper for the court to submit this case to the jury for its consideration.

In Majerus v. Guelsow, 262 Minn. 1, 113 N. W. 2d 450 (1962), this court, in a remarkably similar case, sustained a jury verdict for the plaintiff in an action for death by wrongful act where the decedent had apparently fallen down a flight of stairs but no eyewitnesses to the event were present. In Majerus, the verdict was challenged on appeal with the same contentions and proposed alternative theories which Lotzer advances here. We stated (262 Minn. 8, 113 N. W. 2d 455):

"From the facts and circumstances shown here, a jury could reasonably infer that the defect in part of the stairway was the cause of the accident which culminated in decedent's death. It is true that there are other possible inferences, such as, foul play resulting in someone pushing him down the stairs, his falling while intoxicated, an injury received before he returned to the apartment; but none of these creates as reasonable an inference as that reached by the jury. The jury found here, based upon evidence as to the time in which alcohol is metabolized and upon the

testimony of those who last saw the decedent, that intoxication was *not* a cause of the death."

In the present case, the most reasonable inference is that decedent fell while climbing the stairs. If the jury believed the testimony of those who found him, they could have reasonably determined, as they did, that decedent's intoxication was not the sole cause of his fall.

Lotzer next argues that it was error for the court to give the general instruction on assumption of risk, JIG II, 135 S, and to refuse to give the specific instruction requested by defendant.[1] We find no merit in this contention because we have expressly held that the contested general instruction is a correct and proper statement of the applicable law, Springrose v. Willmore, 292 Minn. 23, 192 N. W. 2d 826 (1971), and because the specific instruction proposed by Lotzer was not only argumentative and confusing but incomplete in that it failed to include the element of actual knowledge and appreciation of the risk with the clarity required for instructing the jury on the defense of assumption of risk.

Finally, Lotzer contends that the jury returned an inconsistent verdict when it found Haessly 40-percent contributorily negligent but also found that he had not assumed the risk of the dangerous stairs. This case arose prior to the prospective abolition of assumption of risk as a separate defense in Springrose v. Willmore, *supra*. The trial court was correct, therefore, in instructing the jury in separate interrogatories on the distinct defenses of contributory negligence and assumption of risk. It was not error for the jury to answer these interrogatories differently, however, because, while the underlying facts were the same, there exists

---

[1] Defendant requested the following instruction: "If the back steps were so obviously dangerous that a person of ordinary prudence would consider it dangerous to use them, and if Mr. Haessly did in fact suffer his injury by using the stairs and through their defective condition, then your answer to question[s] number III and IV [relating to contributory negligence] must be yes."

a significant difference in the essential elements of each defense. Contributory negligence is based on negligent behavior, while assumption of risk refers to venturousness or the conscious and voluntary decision to encounter a known risk. From the evidence in this case, the jury could have reasonably concluded that decedent was negligent in climbing the steps, or negligent in using the steps at all, without finding that with full knowledge and conscious awareness of the unique and special hazards of this stairway he voluntarily risked those hazards. If so, then decedent was negligent, but he did not assume the risk.

Affirmed.